Commonwealth ex rel. Martin, Appellant, *v.* Guthrie.

| 203 | 209 |
|-----|-----|
| e210 | ¹587 |
| 210 | ²588 |
| 210 | ¹589 |
| 203 | 209 |
| 217 | ¹381 |

*Constitutional law—Classification of school districts—Local legislation—Act of May 23, 1874, P. L. 254, sec. 41, proviso 3.*

The 3d proviso of the 41st section of the act of May 23, 1874, relating to school districts coterminous with cities of the third class is constitutional, and is not local or special legislation.

A school district coterminous with a city of the third class may elect to retain the laws governing it prior to the acceptance by the city of the third class city act. Those districts which do not embrace its provisions remain members of a class whose existence and all the elements of whose government are regulated by general law.

Argued April 15, 1902. Appeal, No. 341, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1900, No. 61, on demurrer to writ of quo warranto in case of Commonwealth ex rel., T. R. Martin, District Attorney, v. George W. Guthrie, William G. Weaver, Eugene J. Butler, J. M. Rutter, J. B. Houser and W. T. Smith. Before McCOLLUM, C. J., MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Quo warranto to determine title to office of school director. Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment in favor of the respondents.

*P. A. O'Boyle*, with him *John McGahren*, for appellant.

*H. A. Fuller* and *S. J. Strauss*, for appellee.

PER CURIAM, June 4, 1902:

The city of Wilkes-Barre was incorporated by a special act of assembly, passed May 4, 1871. In 1898 it was a city of the third class, and in that year, by proper proceedings under the fifty-seventh section of the act of May 23, 1874, accepted its provisions and those of its supplements. At the time of such acceptance, the city was a single school district under the general school act of May 8, 1854, and had six directors, against whose successors the proceeding in the court below was instituted. The acceptance by the city of the provisions of the act of 1874 was accompanied by a certificate from the school district, in accordance with the third proviso of the forty-first section of the act, " expressing its desire to retain the laws governing it independent " of the said act; and the contention of the appellees, sustained by the court below, is that, in view of that certificate, they are not affected by the act. On the other hand, the constitutionality of the proviso is assailed, and judgment of ouster is asked against the respondents by those who were elected school controllers of the city.

The constitutionality of the forty-first section of the act of May 23, 1874, re-enacted by the act of June 16, 1891, was affirmed in Commonwealth v. Gilligan, 195 Pa. 504; but the contention now is, as stated, that its third proviso is unconstitutional, because " it tends to produce local and special results and diversity in the regulation and government of schools in cities of the third class." The proviso simply is, that a school district coterminous with a city of the third class may elect " to retain the laws governing it independent of this statute, otherwise this act shall govern the same." It is clearly an enabling clause. Though the city itself is or may become a member of the third class, its coterminous school district may elect to remain where it is or go with the municipality and become subject to the provisions of the act. Those districts which do not embrace its provisions remain members of a class " whose existence and all the elements of whose government are regulated by general law : " Reading v. Savage, 124 Pa.

328.   This is not in conflict with section seven, article three, of the constitution.   " There is no constitutional objection to the classification of school districts any more than of cities. Both are included in the same clause of the constitution prohibitory of local and special legislation, and there is no argument against classification of one that is not equally forcible against the other.   But classification may become as necessary for school districts as for cities:" Sugar Notch Borough, 192 Pa. 349.   In passing upon the constitutionality of the fifty-seventh section of the act of May 23, 1874, which permits cities of the third class to become subject to its provisions, we said: " When the requirements of the fifty-seventh section are complied with in any given case of a pre-existing city, such city enters into the third class of cities whose future incorporation has been provided for, and becomes a constituent part thereof. No city is prevented from doing this, and all have the opportunity of doing it.   Those that do not embrace the opportunity simply remain as they were before, and all that do embrace it become members of a class whose existence and all the elements of whose government are regulated by general law. There is no possibility of any exercise of the powers or privileges, conferred by the fifty-seventh section, which can work affirmatively a local or special result:" Reading v. Savage, supra.   The foregoing applies with equal force to the case before us.

   Judgment affirmed.